RECEIVED
IN LAKE CHARLES, LA
DEC 1 4 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2:05 CR 20186 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| ALBERT BERNARD WOOLRIDGE | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Presently before the court are objections to the Presentence Report ("PSR") filed by the defendant, Albert Bernard Woolridge ("Woolridge").

The first objection requires no ruling by the court. After investigation, the Probation Department agreed with this objection and amended the PSR accordingly.

Woolridge objects to the dates of the conspiracy in the PSR. He contends that he did not start dealing with Shawn Harger until after he had met Robin Lewis in about August of 2001. He claims that he did not deal with any members of this conspiracy after November, 2001.

Contrary to Woolridge's assertions, co-conspirator Robin Lewis testified that he moved to Fort Lauderdale, Florida in July, 2000 and he began to deal with Woolridge shortly thereafter. Jennifer Browder, a co-conspirator, also indicated that she contacted Woolridge in December 2001 and received 500 ecstacy tablets that month. She received an additional 1,000 ecstacy tablets in January 2002. In Woolridge's own statement to investigating agents, he acknowledged the 1,000 tablets to Browder in January, 2002, and he stated that he sent an additional 1,000 tablets approximately two weeks later.

A defendant is presumed to continue involvement in conspiracy unless he makes a substantial, affirmative showing of withdrawal, abandonment, or defeat of the conspiratorial purpose; even after arrest and incarceration, a conspirator continues to be responsible for acts committed by co-conspirators unless he has withdrawn; and withdrawal requires commission of affirmative acts inconsistent with the object of conspiracy that are communicated in a manner reasonably calculated to reach co-conspirators. *U.S. v. Hill,* 42 F.3d 914, 917 (C.A.5 (Tex.), 1995); *United States v. Puig-Infante,* 19 F.3d 929, 945 (5th Cir.), *cert. denied,* 513 U.S. 864, 115 S.Ct. 180, 130 L.Ed.2d 115 (1994); *United States v. Killian,* 639 F.2d 206, 209 (5th Cir.) (same), *cert. denied,* 451 U.S. 1021, 101 S.Ct. 3014, 69 L.Ed.2d 394 (1981). Although Woolridge asserts that he "did not deal with the members of this conspiracy after November, 2001," he has not introduced evidence of his withdrawal from the conspiracy and there is evidence that establishes his continued involvement past that date. This objection is OVERRULED.

Woolridge asserts that he had no responsibility or connection to anyone other than Shawn Harger, who he had met through Robin Lewis, and that he never dealt cocaine or shipped any cocaine as noted in ¶14 of the PSR. Woolridge admitted that he also dealt with Jennifer Browder. The amount of cocaine mentioned in ¶14 is taken from the statement of co-conspirator Shawn Harger. Woolridge also objects to the quantities of cocaine in ¶20 of the PSR asserting that he has had no dealings with cocaine. An evidentiary hearing will be held on these objections to determine the amount of cocaine, if any, attributable to Woolridge.

Woolridge asserts that Browder and Harger had dealings with another distributor, who is not named in this case, and those amounts are not part of this conspiracy. Harger and Browder admitted to using another distributor and they were specific about the amounts of drugs they had received

2

from him. These amounts were not included in the calculations of drugs attributed to Woolridge. This objection is OVERRULED.

Lake Charles, Louisiana, this 13 day of December, 2006.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE