U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

AUG - 6 2007

ROBERT H. SHEMWELL, CLERK
BY _____
         DEPUTY

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:05 CR 20186-02 |
| VS. | : | JUDGE MINALDI |
| ALBERT BERNARD WOOLRIDGE | : | MAGISTRATE JUDGE WILSON |

### MEMORANDUM RULING

Presently before the court is a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. §2255 [doc. 286] filed by Albert Bernard Woolridge ("Woolridge"). The Government has filed an answer [doc. 289]. Woolridge filed a "Traverse in Reply to Response" [doc. 290].

### Procedural History

Woolridge was charged with and pleaded guilty to possession with intent to distribute "Ecstacy" and cocaine. The factual basis for the plea indicates that Woolridge, who lived in Lafayette, Louisiana, would obtain Ecstacy from from Holland and Israel and distribute it in Lake Charles, Louisiana and Mississippi.

On December 1, 2006, the government filed a Motion for a Downward Departure [doc. 218] from the Sentencing Guidelines. This motion was granted on December 4, 2007 [doc. 220]. On December 14, 2006, Woolridge was sentenced to 60 months imprisonment, which is to run concurrently with the sentence he was already serving. The Judgment provides that the defendant is to receive credit for time served [doc. 231].

The defendant did not file a direct appeal. On May 14, 2007, the defendant filed the instant

motion.

Law

Woolridge argues that the court erred in failing to apply U.S.S.G. §5G1.3(b) at the time of sentencing. §5G1.3 states:

### § 5G1.3. Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment

(a) If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.

(b) If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows:

> (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
>
> (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

(c) (Policy Statement) In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

USSG, § 5G1.3, 18 U.S.C.A.

The crux of the defendant's argument is that this court erred in failing to "adjust" his

2

sentence under U.S.S.G. § 5G1.3(b) to make it fully concurrent with the sentence he was serving at the time the sentence was imposed. Woolridge did not raise this claim on direct appeal. He does not allege that he failed to raise the claim previously due to the ineffectiveness of his lawyer.

The § 5G1.3(b) claim is procedurally defaulted and Woolridge may not raise this issue in a collateral attack. § 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed. *See United States v. Faubion,* 19 F.3d 226, 233 (5th Cir.1994); *U.S. v. Williamson,* 183 F.3d 458, 461 (C.A.5 (Tex.), 1999). Misapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in § 2255 motions. *See United States v. Segler,* 37 F.3d 1131, 1134 (5th Cir.1994); *Faubion,* 19 F.3d at 233. Woolridge should have raised this argument on direct appeal; it is not cognizable now. Accordingly, this §2255 motion will be denied.

Lake Charles, Louisiana, this 3 day of Aug, 2007.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE